IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> vs. ) <br> ) <br> DAVID J. HADDOW, ) <br> ) <br> Defendant. ) <br> _____ ) | Crim. No. 2012-35 |

## MEMORANDUM OPINION AND ORDER

Before the Court is the defendant's Motion for a Bill of Particulars [DE 26] pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. The government filed a motion in opposition on February 19, 2013 [DE 39] and a supplemental response on March 4, 2013 [DE-41].[1]

### I. STATEMENT OF THE CASE

On December 6, 2012, a Grand Jury sitting in the District of the Virgin Islands returned a two-count indictment [DE 1] against defendant, a certified public accountant and manager of Compass Diversified ("Compass"), and his co-defendant. Defendant was charged with (1) conspiracy to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service ("IRS") in the ascertainment, computation, assessment and collection of taxes, in violation of 18 U.S.C. § 371 and (2) conspiracy to evade and defeat a large part of the income tax due and owing by Compass to the United States Virgin Islands, in violation of 33 V.I.C. § 1522.

---

[1] The supplemental brief was filed in response to the Court's order during the February 20, 2013 pretrial conference asking the government to address the applicability of the Court's decision in USA v. Mills, 1:11-CR-5 [DE 106] to the instant matter.

## II.  APPLICABLE LAW

Under Rule 7(f) of the Federal Rules of Criminal Procedure, a court may direct the government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005). When an indictment fails to perform these functions and "thereby significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," a court generally will find that a bill of particulars should be issued. *Id.* at 771-72 (citation omitted). However, a bill of particulars "is not a general investigative tool for the defense, nor is it a device to compel disclosure of the government's evidence prior to trial." *United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988) (citations omitted); *United States v. Nestor*, 2010 U.S. Dist. LEXIS 81364, at *12 (M.D. Pa. Aug. 11, 2010) ("The defendant is not entitled to wholesale discovery of the government's evidence, nor to a list of the government's prospective witnesses."). Instead, unlike discovery, a bill of particulars is intended to give the defendant only "that minimum amount of information necessary to permit the defendant to conduct his *own* investigation," and not to provide the defendant with the fruit of the government's investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (emphasis in original).

An indictment is sufficient and obviates the need for a bill of particulars when "it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy." *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991). Also, when the government supplements a detailed charging document with substantial discovery, a defendant's

*USA v. Haddow*
Criminal No. 2012-35
Page 3

claim for a bill of particulars is "further weaken[ed]." *Urban*, 404 F.3d at 772 (explaining there is less need for a bill of particulars in cases where the government provides substantial discovery).

### III. DISCUSSION

#### A. Count One

As to count one of the indictment, defendant seeks the following particulars:

(1) the dates upon which the conspiracy began and ended, and the dates upon which he allegedly joined and, if applicable, withdrew from the conspiracy;

(2) how he knew of the conspiracy and its objective;

(3) how and when he acknowledged his alleged agreement to knowingly participate in the conspiracy;

(4) how his alleged conduct is sufficient to establish the conspiracy charged;

(5) acts committed by him in furtherance of the agreement;

(6) whether the alleged conspiracies ended before the local and/or federal statutes of limitation;

(7) production of the statements attributable to defendant and/or co-defendant alleged to be false, who made said statements and when;

(8) whether each statement was material and how it was so;

(9) the material concealment attributable to defendant and/or his co-conspirators and who did so and when; and

(10) whether the government believes [d]efendant knowingly and intentionally did the acts noted above and when [d]efendant became aware of each knowing and intentional statement and intentional act[] concealment [sic]."

Here, the indictment alleges in considerable detail the factual basis for count one. It identifies the entity which defendant and his co-conspirators used to carry out the conspiracy, the approximate duration of the conspiracy, the general unlawful purpose, the manner in and means by which defendant and his co-conspirators engaged in the conspiracy and the overt acts taken

*USA v. Haddow*
Criminal No. 2012-35
Page 4

by defendant in furtherance of the conspiracy. Defendant's request for the specific parameters of the conspiracy is tantamount to a request for wholesale discovery of the government's evidence, which is not a proper purpose for a bill of particulars. *See United States v. Cheatham*, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) (stating a defendant charged with conspiracy cannot use a bill of particulars to "obtain the exact date he entered into the conspiracy" or "the time and place of the commencement of [the] conspiracy") (citations omitted); *see also United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (stating "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied").

Moreover, the government has provided defendant with a substantial amount of discovery totaling 7,130 pages. Gov't's Resp. at 3 [DE 39]; *see United States v. Kemp*, 2004 U.S. Dist. LEXIS 24189, at *25 (E.D. Pa. Dec. 2, 2004) (noting "[c]ourts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery" and collecting cases). The government states the discovery submitted to defendant includes, *inter alia*, "spreadsheets prepared by a former Compass [] employee during the period of the alleged conspiracy showing the flow of funds from individual Compass [] clients, to the Compass [] bank account, to another Compass [] employee's personal bank account and then finally back to the original Compass [] client," income tax returns for Compass [] clients containing allegedly "bogus business deductions," and a corporate tax return for Compass [] containing allegedly "bogus EDC [Economic Development Commission] tax credits." Gov't's Resp. at 3-4.

The indictment sufficiently informs defendant of the nature of the conspiracy charge against him and provides him with ample information to prepare his defense and avoid surprise

at trial. To require the government to provide further details as to count one, as defendant requests, would unfairly define and limit the government's case as the evidence at trial must conform to the allegations in a bill of particulars.

**B.    Count Two**

Regarding count two, defendant seeks the following particulars so that he may adequately prepare a tax defense:[2]

(1)    the specific method the government intends to use to prove the charge;

(2)    the "computation and calculation of the taxable income due, its sources with the deductions and costs allowed and disallowed;"

(3)    the dates, amount, character and sources of the unreported income;

(4)    the number of false statements made in the 2004 and 2005 tax returns filed by Compass, what those statements were and who made them; and

(5)    for those statements in the 2004 and 2005 Compass tax returns made by defendant, how he caused them to be made and how what he said or caused was false.

As this Court observed in *USA v. Mills*, 1:11-CR-5, in criminal income tax cases, a defendant is entitled to a bill of particulars on (1) the specific method the government intends to use to prove the charge, *see United States v. Manfredi*, 628 F. Supp. 2d 608, 635-36 (W.D. Pa. 2009), *United States v. Goldstein*, 56 F.R.D. 52, 55 (D. Del. 1972);[3] (2) the computation and calculation of the specific items of income comprising defendant's actual taxable income and their source, and the deductions and costs allowed and disallowed against such income, *see United States. v. Oliva*, 466 F. Supp. 710, 714 (W.D. Pa. 1979), rev'd on other grounds, 611 F.2d 23 (3d Cir. 1979); *United States v. Wheeland*, 25 F.R.D. 481, 482 (M.D. Pa. 1960); and (3) the

---

[2]    Defendant also seeks the same particulars requested in count one. As explained above, the government is not required to furnish a bill of particulars as to the specifics of the alleged conspiracy.

[3]    As explained by the court in *Manfredi*, the government may prosecute a criminal tax case by either using a direct method of proof (called the "specific items" method) or a circumstantial method of proof, which employs either the "net-worth," "cash expenditures" or "bank deposits" method. 628 F. Supp. 2d at 636.

dates, amount, character and source of the income allegedly received but not reported, *see Goldstein*, 56 F.R.D. at 56 (D. Del. 1972). The government implicitly acknowledged the applicability of *Mills* to the case at bar and disclosed that it will employ the "specific items" method to prove count two. Gov't's Supplemental Resp. at 1 [DE 41]. It is not clear, however, whether the government has disclosed or intends to disclose the remaining information required under *Mills*. To the extent the government has not disclosed this information, the government is DIRECTED to provide this information to defendant.

Additionally, the government must disclose the specific entries or portions of the relevant tax returns that are allegedly false. *See United States v. Feil*, 2010 U.S. Dist. LEXIS 113733, *10 (N.D. Cal. Oct. 14, 2010) (ordering the government to disclose the specific entries or portions of the tax returns at issue that were allegedly false); *United States v. Bird*, 179 F. Supp. 467, 469 (S.D. W. Va. 1959) (noting "the ends of justice would be fairly served if the bill of particulars identified the basic entries in the [tax] return which" the government alleges are false). The government discloses that the "specific item alleged to be false or that led to the evasion of tax due and owing was the allegedly fraudulent EDC tax credit claimed in the amounts of $213,520 and $607,574 for tax year 2004 and 2005, respectively," which appears on Schedule J, line 6(d) of the Compass tax returns for years 2004 and 2005 "transmit[ed]" by defendant. Gov't's Supplemental Resp. at 2 [DE 41]; Ex. 1 [DE 41-1]. Accordingly, based on the government's representations, defendant's request for particulars as to the alleged false statements is MOOT.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that defendant's motion for a bill of particulars [DE 26] is ALLOWED IN PART and DENIED IN PART.

Dated: May 14, 2013

**RUTH MILLER**
United States Magistrate Judge

