DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 12-35 |
| ) | |
| DAVID J. HADDOW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Kim L. Chisholm, AUSA**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States,*

**David J. Haddow**
   *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the January 30, 2019, Report and Recommendation of the Magistrate Judge. The Magistrate Judge recommends that the Court deny David Haddow's motion to vacate his sentence; and deny David Haddow's motion to conduct discovery.

    I.    FACTUAL AND PROCEDURAL HISTORY

On December 6, 2012, a federal grand jury in the U.S. Virgin Islands returned a two-count indictment charging Hansel Bailey ("Bailey") and David Haddow ("Haddow") with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (the

"federal charge"); and conspiracy to evade or defeat tax in violation of 33 V.I.C. § 1522 (the "local charge").

On July 8, 2013, a jury trial commenced in this matter. On July 11, 2013, a jury found Haddow guilty on both counts of the indictment.

On February 6, 2014, the Court sentenced Haddow to a term of imprisonment of 36 months on each count, to be served concurrently, and to three years supervised release. The Court also ordered Haddow to pay restitution in the amount of $1,104,741 to the United States Internal Revenue Service and $821,094 to the Virgin Islands Bureau of Internal Revenue.

On February 12, 2014, the Court denied Haddow's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Subsequently, Haddow appealed his conviction and the calculation of his restitution.

On April 25, 2014, the Court entered the Judgment and Commitment order as to the federal charge. On August 15, 2014, the Court entered the Judgment and Commitment order as to the local charge.

On February 3, 2015, the Third Circuit affirmed Haddow's conviction and order of restitution. *See United States v. Bailey*, 598 F. App'x 117, 127 (3d Cir. 2015). On November 30,

2015, the Supreme Court denied Haddow's petition for a writ of certiorari. *See Haddow v. United States*, 136 S. Ct. 553 (2015).

On November 29, 2016, Haddow filed a petition for relief under 28 U.S.C. § 2255 (the "2255 petition"). *See* Motion to Vacate under 28 U.S.C. 2255, ECF No. 289. In his 2255 petition, Haddow asserts that he challenges only the restitution order.

On March 24, 2017, the Government filed an opposition to Haddow's 2255 petition. *See* Opposition, March 24, 2017, ECF No. 298.

On May 5, 2017, Haddow filed a motion to conduct discovery in support of his 2255 petition. *See* Motion to Conduct Discovery, ECF No. 300.

On January 30, 2019, the Magistrate Judge issued a report and recommendation in this matter. *See* Report and Recommendation, ECF No. 302. In the report and recommendation, the Magistrate Judge recommends that the Court: (1) deny Haddow's 2255 petition because challenges to restitution orders are not cognizable under 28 U.S.C. § 2255 proceedings; and (2) deny Haddow's motion to conduct discovery.

Haddow has not filed any objections to the January 30, 2019, report and recommendation.

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of

the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

    Here, no objections were filed to the January 30, 2019, report and recommendation. Accordingly, the Court will review the Magistrate Judge's report and recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the January 30, 2019, report and recommendation for plain error, the Court does not find plain error in any of the Magistrate Judge's factual and legal findings. As such, the Court will adopt the January 30, 2019, report and recommendation.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 302) is **ADOPTED**; it is further

**ORDERED** that Haddow's Motion to Vacate under 28 U.S.C. 2255 (ECF No. 289) is **DENIED**; it is further

**ORDERED** that Haddow's Motion to Conduct Discovery (ECF No. 300) is **DENIED**; and it is further

**ORDERED** that a certificate of appealability is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**